O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SANDI RUSH, | ) | Case No. CV 10-06721 DDP (DTBx) |
| Plaintiff, | ) | |
| v. | ) | **ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| GENERAL GROWTH PROPERTIES, INC.; MACYS DEPARTMETN STORES, INC. dba MACYS #214; MACY'S CALIFORNIA, INC.; J.C. PENNEY COMPANY, INC. dba JCPENNEY #2480; J.C. PENNEY PROPERTIES, INC.; SEARS ROEBUCK & CO. dba SEARS #01868, | ) | [Docket No. 55] |
| Defendants. | ) | |

Presently before the court is Plaintiff Sandi Rush ("Rush")'s Motion for Summary Judgment. Having considered the submissions of the parties and heard oral argument, the court denies the motion and adopts the following order.

**I. Background**

Rush, a paraplegic, requires the use of a wheelchair for her personal mobility. (First Amended Complaint ("FAC") ¶ 10.) Rush brought suit against Defendant under the Americans with

Disabilities Act ("ADA") and California Civil Code, alleging that she encountered ten barriers that interfered with her ability to use and enjoy Defendant's Sears store. (FAC ¶ 16.) The barriers included 1) incorrect van accessible parking signs, 2) insufficient dressing room floor space, 3) excessively high dressing room clothing hooks, 4) incorrect restroom door accessibility signage, 5) lack of signage on accessible restrooms, 6) lack of self-closing restroom stall doors, 7) lack of proper restroom stall handles, 8) improperly placed toilet tissue dispensers, 9) incompletely wrapped hot water pipes, and 10) insufficient restroom door clearance. (FAC ¶ 16; Declaration of Sandi Rush ¶ 4.) Rush now moves for summary judgment.

## II. Legal Standard

A motion for summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue as to which the nonmoving party will have the burden of proof, however, the movant can prevail merely by pointing

2

1  out that there is an absence of evidence to support the nonmoving
2  party's case.  See id.  If the moving party meets its initial
3  burden, the non-moving party must set forth, by affidavit or as
4  otherwise provided in Rule 56, "specific facts showing that
5  there is a genuine issue for trial." Anderson v. Liberty Lobby,
6  Inc., 477 U.S. 242, 250 (1986).  The evidence is viewed in the
7  light most favorable to the non-moving party, and all justifiable
8  inferences are to be drawn in its favor.  Anderson, 477 U.S. at
9  242.

10   It is not the court's task "to scour the record in search of a
11  genuine issue of triable fact."  Keenan v. Allan, 91 F.3d 1275,
12  1278 (9th Cir. 1996).  Counsel have an obligation to lay out their
13  support clearly.  Carmen v. San Francisco Sch. Dist., 237 F.3d
14  1026, 1031 (9th Cir. 2001). The court "need not examine the entire
15  file for evidence establishing a genuine issue of fact, where the
16  evidence is not set forth in the opposition papers with adequate
17  references so that it could conveniently be found."  Id.

**III.  Discussion**

19   Plaintiff relies on two pieces of evidenced to support her
20  motion for summary judgment: (1) her own declaration and (2) a
21  report prepared by expert Reed Settle (the "Settle report," Ex. A
22  to Declaration of Reed W. Settle).  This evidence, however, is
23  insufficient to demonstrate the lack of a genuine issue of material
24  fact.

25   First, Plaintiff's allegations and declaration are not fully
26  supported by her own expert's report.  The Settle report spans over
27  seventy pages and identifies sixty-seven separate accessibility
28  issues.  Of these, however, only four conditions match up with

3

barriers identified in Plaintiff's declaration.  (Settle report at 6 (van parking signage), 50 (restroom stall door handle), 57 (water pipes), 61 (restroom stall door).)  In other words, six of the ten barriers described in Plaintiff's declaration are not identified in her own expert's report.  Furthermore, though Settle avers that his report describes Defendant's Sears store, located at 22550 Town Circle, Moreno Valley, California 92553 (Settle Dec. ¶ 5), the Settle Report itself refers, on every page, to a Sears store located at 300 S. Highland Springs Ave. in Banning, California.  At no point does either Settle or Plaintiff explain this discrepancy.

   Plaintiff asserts that "it does not matter" if the Settle report does not support her allegations because she has also submitted her own declaration.  (Reply at 1.)  Rush further asserts that Defendant has "utterly failed to impeach any of her testimony." (Reply at 7.)  The court disagrees.  In her declaration, Rush states that she visited Defendant's store on September 8, 2010, August 13, 2010, February 4, 2011, and May 31, 2011.  (Declaration of Sandi Rush ¶ 3.)  Rush also describes the ten barriers she encountered and the ways in which those barriers affected her.  (Id. ¶ 16.)  When deposed, however, Rush could not recall the year (or years) in which she had visited Defendant's store, let alone the month or specific date of any visit.  (Rush Depo., Ex. A to Declaration of Michael S. Orr in Opposition to Plaintiff's Motion at 44:24.)  Rush also testified that she did not know how many ADA lawsuits had been filed on her behalf, and that she could not recall the barriers that she had personally encountered.  (Rush Depo. at 184:7-11, 191:11.)  Confronted with such evidence, a reasonable trier of fact could conceivably doubt

4

Rush's credibility and find that Rush failed to prove the elements of her claim.[1]

**IV. Conclusion**

For the reasons stated above, Plaintiff's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.

Dated: January 9, 2012

DEAN D. PREGERSON
United States District Judge

---

[1] The court also notes that Defendant has submitted its own expert declaration and report. (Declaration of Neal Casper in Opposition to Plaintiff's Motion.) Defendant's expert explicitly contradicts several (though not all) of Plaintiff's factual allegations regarding the dimensions and placement of various fixtures, (Ex. A to Casper Dec. at 20-25), and opines that other conditions do not violate the ADA (e.g. id. at 23, Casper Dec. ¶ 4.) Plaintiff's reply makes no reference to the Casper declaration or report. Having determined that summary judgment is not appropriate, the court need not address whether the Casper declaration and report is sufficient to defeat summary judgment with respect to each of Plaintiff's ten allegations.