O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SANDI RUSH, | ) | Case No. CV 10-06721 DDP (DTBx) |
| Plaintiff, | ) | |
| v. | ) | **ORDERS GRANTING DEFENDANT'S** |
| GENERAL GROWTH PROPERTIES, INC.; MACYS DEPARTMETN STORES, INC. dba MACYS #214; MACY'S CALIFORNIA, INC.; J.C. PENNEY COMPANY, INC. dba JCPENNEY #2480; J.C. PENNEY PROPERTIES, INC.; SEARS ROEBUCK & CO. dba SEARS #01868, | ) | **MOTION FOR SUMMARY JUDGMENT**  [Dkt. Nos. 52, 101] |
| Defendants. | ) | |

   Presently before the court is Defendant Sears Roebuck & Co.'s Motion for Summary Judgment.  Having considered the submissions of the parties and heard oral argument, the court grants the motion and adopts the following order.

I.  Background

   Rush, a paraplegic, requires the use of a wheelchair for her personal mobility.  (First Amended Complaint ("FAC") ¶ 10.)  Rush

brought suit against Defendant under the Americans with Disabilities Act ("ADA") and California Civil Code, alleging that she encountered ten barriers that interfered with her ability to use and enjoy Defendant's Sears store. (FAC ¶ 16.) The barriers included 1) incorrect van accessible parking signs, 2) insufficient dressing room floor space, 3) excessively high dressing room clothing hooks, 4) incorrect restroom door accessibility signage, 5) lack of signage on accessible restrooms, 6) lack of self-closing restroom stall doors, 7) lack of proper restroom stall handles, 8) improperly placed toilet tissue dispensers, 9) incompletely wrapped hot water pipes, and 10) insufficient restroom door clearance. (FAC ¶ 16.) Rush subsequently decided to waive her jury demand and seek only injunctive relief with respect to three barriers: dressing room clothes hooks, lack of U-shaped restroom stall door handles, and improperly placed toilet tissue dispensers.[1] (Dkt. No. 100). Defendant now moves for summary judgment.

II.  Legal Standard

A motion for summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses

---

[1] Rush's Motion to Amend the FAC (Dkt No. 52), filed after the close of discovery, is DENIED. See Oliver v. Ralphs Grocery Co., 654 F.3d 903, 909 (9th Cir. 2011).

that demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue as to which the nonmoving party will have the burden of proof, however, the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case. See id. If the moving party meets its initial burden, the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The evidence is viewed in the light most favorable to the non-moving party, and all justifiable inferences are to be drawn in its favor. Anderson, 477 U.S. at 242.

It is not the court's task "to scour the record in search of a genuine issue of triable fact." Keenan v. Allan, 91 F.3d 1275, 1278 (9th Cir. 1996). Counsel have an obligation to lay out their support clearly. Carmen v. San Francisco Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001). The court "need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposition papers with adequate references so that it could conveniently be found." Id.

III. Discussion

A private plaintiff may only seek injunctive relief under the ADA. Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011). Thus, a plaintiff's ADA claims may be mooted if a defendant removes alleged barriers prior to trial. Id. Such is the case

here.  Defendant has submitted evidence that none of the three barriers Plaintiff alleges are currently present at Defendant's Sears store.  (Declaration of Neal Casper in Support of Defendant's Motion for Summary Judgment ¶¶ 4-6.) Rush has submitted no evidence to the contrary.  Accordingly, summary judgment is appropriate. See Anderson, 477 U.S. at 250.

IV. Conclusion

    For the reasons stated above, Defendant's Motion for Summary Judgment is GRANTED.  In addition, the Motion in Limine docket numbers 80, 81 and 82 are vacated.

IT IS SO ORDERED.

Dated: April 3, 2012

                                DEAN D. PREGERSON
                                United States District Judge